*Government's Exhibit 1* (handwritten)



**U.S. Department of Justice**
Federal Bureau of Prisons

```
C H A N G E   N O T I C E
OPI:      RSD/RSB
NUMBER:   7320.01, CN-1
DATE:     August 1, 2016
```

# Home Confinement

      /s/
*Approved*: Thomas R. Kane
            Acting Director, Federal Bureau of Prisons

This Change Notice (CN) implements a change to Program Statement 7320.01, **Home Confinement**, dated September 6, 1995. This CN removes the requirement of subsistence collection for any resident while on Home Confinement. The new language is highlighted.

The following language is removed from Section 8.c.(2) of the Program Statement:

(2) Subsistence Contributions. Providers shall collect 25% of each employed resident's weekly gross income, rounded down to a whole dollar amount. Home confinement residents who are not employed, but have other means of financial support, shall contribute an appropriate amount as determined by the provider and approved by the CCM. Ordinarily, the amount should approximate 25% of the resident's weekly income. Subsistence contributions collected shall be used to defray program costs, and the provider shall deduct the amount collected from the amounts billed to the Bureau. In many cases, inmate subsistence contributions will cover the entire cost of home confinement; however, individual subsistence collections may not exceed the weekly cumulative contract per diem rate (i.e., the daily rate x 7). Providers shall provide receipts to program participants for all collections and shall maintain collection records for audit purposes.

Section 8.c.(2) now reads:

(2) Subsistence Contributions. Home confinement residents are not required to pay subsistence.

```
                                                       P.S. 7320.01
                                                    September 6, 1995
                                                           Page 5
```

    b.  <u>CCM Review.</u>  Upon receiving each referral packet, the CCM is to review the referral in light of the programming options available in the inmate's release destination area.

    Occasionally, a referral may indicate no obvious risk to the community and no need for CCC services (for example, a supportive family, a stable residence, confirmed employment (if employable), and a positive institutional adjustment).  In such cases, the CCM may bypass a CCC and place the inmate directly on home confinement.

    Conversely, higher risk inmates requiring extensive transition assistance may not be placed on home confinement at all, or placed only briefly following CCC placement.

    c.  <u>Inmate Declination.</u>  An inmate who declines to participate in a recommended home confinement program may be transferred to a more secure facility.

8.  <u>PLACEMENT ON HOME CONFINEMENT.</u>  Only the CCM may approve home confinement.  The CCM shall notify the U. S. Probation Officer (USPO) prior to final approval of placement on home confinement and document that notification is in the file.  General considerations are:

    a.  <u>Program Selection.</u>  In some jurisdictions, home confinement programs may be available through a U. S. Probation office, a contract CCC or under an Intergovernmental Agreement.  The CCM shall select the program most likely to meet the inmate's needs, giving consideration to such factors as cost effectiveness, geography, and other management variables.

    Home Confinement Program requirements, including accountability and other supervision needs, are specified in Attachment B.  The CCM must approve any modification to these requirements in advance.

    b.  <u>Release Plan Verification.</u>  To approve a home confinement placement, the CCM must have written verification of the release plan from either the USPO or the CCC, including:

      (1)  The planned residence, including assurance that it has telephone service without prohibited services listed in Attachment A;

      (2)  Adults sharing the residence with the inmate are aware of, and not opposed to, the inmate's plan to participate in the program; and,

      (3)  Employment (for employable inmates).  Release employment is desirable but not required.