UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-60130-CR-MORENO

UNITED STATES OF AMERICA,

v.

GARY N. PARKER,

      **Defendant.**
_____/

## GOVERNMENT'S RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

The United States of America, by and through the undersigned Assistant United States Attorney, hereby files its response and memorandum of law in Opposition to Defendant's Motion for Compassionate Release and in support thereof states the following:

### STATEMENT OF FACTS

1. On June 19, 2020, the defendant filed a *Pro Se* Motion for compassionate release under Title 18, United States Code, Section 3582 (c)(1)(A) and The First Step Act (DE 370).

2. On July 7, 2020, the government filed a motion for extension of time to obtain the necessary documents from the Federal Bureau of Prisons (FBOP) in order to properly respond to defendant's pro se motion (DE 371).

3. On July 13, 2020, the Court granted the government's motion for an extension of time giving the government until September 11, 2020, to respond to defendant's motion (DE 374).

4. On September 11, 2020, the undersigned filed a response in opposition to defendant's motion to reduce sentence and First Step Act (DE 375). The undersigned AUSA had received the defendant's records from the FBOP. These records indicate that on April 22, 2020, the defendant was initially approved for transfer to Community Corrections based on the Elderly Offender Program. This would have entailed home confinement where the defendant would serve the remaining balance of his sentence. However, because the defendant was unable to provide a verifiable release plan address and comply with other FBOP requirements for home confinement such as the proper telephone service to permit the authorities to periodically monitor him as well as statements from all adults sharing the residence that they are aware of the defendant's status and do not oppose his participation in the program. The FBOP Home Confinement policy: PS 7320.01, the program statement is publicly available at: https://www.bop.gov/policy/progstat/7320 001 CN-2.pdf

5. On September 23, 2020, the Court ordered the appointment of the Federal Public Defender to represent the defendant in his Motion for Compassionate Release (DE 376).

6. The undersigned and AFPD Dunham worked together in an effort to get the defendant out of jail and placed in a home confinement situation.

7. On December 18, 2020, AFPD Dunham filed a Notice of Release on Home confinement (DE 381).

8. On April 5, 2021, AFPD Dunham filed a Notice Pursuant to Local Rule 7.1(b) that the Defendant's Motion for Compassionate release was pending (DE382).

9. On April 14, 2021, the undersigned filed a motion for extension of time to respond to the Defendant's Notice Pursuant to Local Rule 7.1(b)(DE 383).

10.     On April 19, 2021, the Court granted the government's motion for an extension of time to file response making the government's response due on or before May 19, 2021 (DE 384).

## MEMORANDUM OF LAW

In the defendant's *pro se* motion for compassionate release he states that "the BOP has denied my home confinement because I have been unable to fine someone I can reside with."(DE 370 pg. 1.).  The defendant then continues in his motion "Without being able to go to home confinement the only means I have available to protect myself from contracting Covid-19 is to plead with this Court to Grant me Compassionate Release" (DE 370 at pg 2).

Clearly, the request for Compassionate Release by the defendant was plan B because he was originally denied Home Confinement (which he wanted) by the FBOP.  On December 18, 2020, when the defendant was placed in the Residential Reentry Program as a precursor to his House Confinement his Plan B was no longer necessary.   The defendant now wishes to be free of all control and restraint by the BOP and be granted Compassionate Release.

In his motion, the defendant claims to have made a request for compassionate release from the Warden on March 24, 2020 (DE 370 at pg. 4).  The undersigned contacted the FBOP and provided them a copy of the March 24,2020, email the defendant sent to the Warden.   The FBOP advised that the email sent to the Warden does not comply with the detailed procedures in place to request compassionate release.   See email from Ms. Ezell-Williams to the undersigned dated 5/19/2021 attached as Ex 1.

 A Court may not modify a sentence once it has been imposed, but an exception exists where:

> The court, ***upon motion of the Director of the Bureau of Prisons,*** or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the

3

>
> defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(e), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community . . .
>
> and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582 (c)(1)(A) (i)-(ii) (emphasis added).

There is no motion from the Director of the Federal Bureau of Prisons presently before the Court seeking the modification of defendants' sentence and the defendant has not demonstrated that he has exhausted all administrative rights to appeal a failure of the Federal Bureau of Prisons to bring a motion on their behalf. The Court therefore, lacks jurisdiction to consider the Motion. *See Steiniger v. Drew*, No. 13-cv-2300, 2014 WL 641984, at *2 (N.D. Ga. Feb. 19, 2014) ("Absent a motion by the Director of the BOP, a federal court lacks jurisdiction to consider compassionate release."); *Cruz–Pagan v. Warden,* 486 F. App'x 77, 79 (11th Cir. 2012) ("The plain meaning of [§ 3582(c)(1)(a)] requires a motion by the Director as a condition precedent to the district court before it can reduce a term of imprisonment").[1]

The defendant received a Covid-19 windfall when he was released from the Bureau of Prison facility at Millington, TN on December 17, 2020. The defendant's scheduled release date

---

[1] The Defendants may initiate a request for a motion under § 3582(c)(1)(A) by following the procedures detailed in 28 C.F.R. § 571.61.

was October 3, 2024.   He was placed on home confinement with monitoring by a BOP contractor.

Attached as Exhibits 2, 3 and 4 are the documents regarding the defendant's home confinement.   Exhibit 2 is a letter from the defendant's case manager describing the program and the rules, regulations and the defendant's compliance to date.   Exhibit 3 is the Home confinement Guidance Sheet for Clients which further details the rules and regulations.   Attached as Exhibit 4 is the U.S. Department of Justice Federal Bureau of Prisons form BP—AO460.073 CONDITIONS OF HOME DETENTION.

The defendant's participation in the home confinement program is reasonable and necessary.   The defendant has an extensive history of advanced fee lending fraud beginning in an arrest on October 19, 1984 and subsequent guilty plea in Case no. 84-945-JLI S.D. of California to mail and wire fraud on September 3, 1985. The defendant was sentenced to 5 years' incarceration followed by 5 years' probation.

Upon release the defendant joined the family business, Parker Leasing which was, quite simply, a massive advanced fee fraud. Desperate business owners were promised loans that would have enabled them to continue running their business and after receiving significant deposits from the victims, the Parkers refused to fund any loans or return the hefty deposits provided by the victims. We must not lose sight of the fact that after an extensive trial, with many victims testifying, a jury found the defendant Guilty on all 51 charged counts and this Honorable Court sentenced the defendant to a total of 240 months' imprisonment.

**Releasing the Defendant on Compassionate Release Does Not comport with the § 3553(a) Factors.**

Additionally, the defendants request for compassionate release should be denied because he does not merit release under the 18 § 3553(a) imposition of sentence factors. This Court must

consider the § 3553(a) factors, as "applicable," as part of its analysis. *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020).

(1) the nature and circumstances of the offense and the history and characteristics of the defendant; which include the defendant engaging in a life time of advanced fee loan fraud.

(2) the need for the sentence imposed;

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment;

(B) to afford adequate deterrence to criminal conduct;

Given that the defendant pled guilty to mail and wire fraud in 1985 served a sentence and after being release from prison went back to committing the same crimes with his family for decades, there was little deterrence in the original sentence.

Accordingly, the § 3553(a) factors do not weigh in the defendant's favor.

The defendant's criminal history requires structure in his life to prevent him from returning to a life of fraud. His current home confinement situation is certainly not very onerous as he is permitted to leave his home to get groceries, attend all doctor appointments, church services and other reasonable trips when the RRC is notified. The defendant clearly needs this type of supervision and guidance.

WHEREFORE, the United States respectfully requests that the court deny the defendant's motion.

          Respectfully submitted,

          ANTONIO GONZALEZ
          ACTING UNITED STATES ATTORNEY

By:   s/ Thomas P. Lanigan
       THOMAS P. LANIGAN
       ASSISTANT UNITED STATES ATTORNEY
       FLORIDA BAR NO. A5500033
       500 E. Broward Blvd., Suite 700
       Fort Lauderdale, Florida 33394
       Tel: (954) 660-5790
       Email: tom.lanigan@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed via CM/ECF this 19th day of May, 2021 to:

 s/ Thomas P. Lanigan
THOMAS P. LANIGAN
ASSISTANT U.S. ATTORNEY