UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 06-60130-CR-MORENO**

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

GARY PARKER,

        Defendant.

_____/

**ORDER DENYING THE DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

Defendant Gary Parker, who has already been placed in home confinement by the Bureau of Prisons, moved for compassionate release under Section 603 of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 and 18 U.S.C. § 3582(c)(1)(A). Because the Defendant has failed to show extraordinary and compelling reasons exist warranting a reduction in his sentence, the motion is denied.

## I.     BACKGROUND

In 2007, a jury convicted the Defendant of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371 (Count 1), 28 counts of wire fraud, in violation of 18 U.S.C. § 1343 (Counts 2-24, 28, 31-34), mail fraud, in violation of 18 U.S.C. § 1341 (Count 36), money laundering conspiracy, in violation of 18 U.S.C. § 1956(h) (Counts 38), 12 counts of money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i) (Counts 39-50) and conspiracy to impede the Internal Revenue Service, in violation of 18 U.S.C. § 371 (Count 51). Thereafter, the Defendant was sentenced to a term of imprisonment of 240 months and the Eleventh Circuit

affirmed the Defendant's convictions and sentence. *See United States v. Parker*, 302 Fed. Appx. 889 (11th Cir. 2008).

The Defendant filed a *pro se* motion for compassionate release because the Federal Bureau of Prisons denied his request for home confinement and he is more likely to get severely ill from COVID-19 as he is over 65 years of age.[1] In a response in opposition filed on September 11, 2020, the Government stated that a review of the Federal Bureau of Prisons' records indicated that the Defendant was initially approved for transfer to Community Corrections based on the Elderly Offender Program, where he would have been able to serve the remainder of his sentence in home confinement. However, such a transfer was denied because the Defendant was unable to provide a viable release plan for home confinement status, e.g., a verifiable release plan address, a proper telephone service that would allow the authorities to monitor him, and statements from all adults sharing the resident that they were aware of the Defendant's status and did not oppose his participation in the program. The Court subsequently appointed the Federal Public Defender's Office to represent the Defendant on his motion for compassionate release. In a December 18, 2020 notice, the Defendant indicated he was released to home confinement.

Notwithstanding his release to home confinement, the Defendant seeks compassionate release pursuant to § 3582(c)(1)(A), as amended by the First Step Act. In a prior communication to the Warden, dated March 24, 2020, the Defendant stated as follows:

> I will be 73 years old in two weeks. In 2016 I was diagnosed with skin cancer and received an operation. I have completed 13 years of a 20 year sentence for Wire Fraud and other non-violent white collar offenses. I have absolutely no violence or weapon offenses in my past which can be verified in my [Presentence Investigation Report]. Due to the Coronavirus Pandemic, for which I am at a high probability of being exposed to resulting in death, I am requesting that you submit me for early release under the Compassionate Release provision of the First Step Act. Thank-you for your attention to this matter.

---

[1] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#MedicalConditionsAdults (last visited June 11, 2021).

(D.E. 385-1). The Government argues that the Defendant's motion for compassionate release should be denied for three reasons: (1) there is no motion from the Director of the Federal Bureau of Prisons presently before the Court seeking the modification of Defendant's sentence; (2) the Defendant has not demonstrated that he has exhausted all administrative rights to appeal a failure of the Federal Bureau of Prisons to bring a motion on his behalf; and (3) the Defendant's compassionate release would not comport with the 18 U.S.C. § 3553(a) factors.

## II. LEGAL STANDARD

"Generally, a district court may not modify a term of imprisonment once imposed." *United States v. Moreno*, 421 F.3d 1217, 1219 (11th Cir. 2005). Under § 3582(c), "[a] court may not modify a term of imprisonment once it has been imposed" unless an exception applies, or the modification is expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. One of those exceptions, § 3582(c)(1)(A)(i), as amended by § 603 of the First Step Act, provides as follows:

> [T]he court upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ... if it finds that extraordinary and compelling reasons warrant such a reduction.

§ 3582(c)(1)(A). Moreover, "[§] 3582(c)(1)(A) allows a sentence reduction only if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021) (internal citations and quotations omitted). The applicable policy statement, § 1B1.13 of the Sentencing Guidelines, provides that a court may reduce a sentence "if, after considering the factors set forth in [] § 3553(a), to the extent that they are applicable, the court determines that--[e]xtraordinary and compelling reasons warrant

3

the reduction[,] [t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)[,] and [t]he reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.

Section 1B1.13 defines four circumstances that can qualify as extraordinary and compelling reasons. First, extraordinary and compelling reasons may exist based on the medical condition of the defendant, where the defendant is "suffering from a terminal illness" or the defendant's ability to provide self-care within the environment of a correctional facility is substantially diminished and he or she is not expected to recover from at least one of the following: a serious physical or medical condition; a serious functional or cognitive impairment; or the deterioration of physical or mental health because of the aging process. § 1B1.13; *id.*, comment (n.1(A)). Second, the age of the defendant can qualify as an extraordinary and compelling reason if the defendant is at least 65 years old, experiencing a serious deterioration in physical or mental health because of the aging process, and has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less. § 1B1.13; *id.*, comment (n.1(B)). Third, family circumstances can constitute compelling reasons where the caregiver of the defendant's minor child or minor children dies or is incapacitated, or when the defendant's spouse or registered partner becomes incapacitated and the defendant would be the only available caregiver for the spouse or registered partner. § 1B1.13; *id.*, comment (n.1(C)). Fourth, referred to as the "catch-all" provision, *see Bryant*, 996 F.3d at 1250, an extraordinary and compelling reason may be present where the Director of the Bureau of Prisons determines that such a reason exists "other than, or in combination with, the reasons described in subdivisions (A) through (C)." § 1B1.13; *id.*, comment (n.1(D)).

4

"1B1.13 is an applicable policy statement that governs all motions under [§] 3582(c)(1)(A)" and "district courts may not reduce a sentence under [§] 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13." *Bryant*, 996 F.3d at 1262. "The movant bears the burden of proving entitlement to relief under [§] 3582." *United States v. Kannell*, 834 Fed. Appx. 566, 567 (11th Cir. 2021) (citing *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014)).

### III. ANALYSIS

As a preliminary matter, the Court finds that the Defendant complied with § 3582(c)(1)(A)'s exhaustion requirement, as the Warden received the Defendant's request on March 24, 2020 and, therefore, more than 30 days have elapsed since the Warden's receipt of the Defendant's request prior to the filing of the instant motion. While the Government contends that the Defendant's email request to the Warden did not comply with "the detailed procedures in place to request compassionate release,"[2] the Government did not cite any legal authority for the proposition that the failure to comply with specific procedures in place is fatal to the Defendant's motion. Also, to the extent that the Government argues that the Court is without jurisdiction to consider the motion for compassionate because it was not filed by the Director of the Bureau of Prisons, such an argument is without merit. As previously noted, § 3582(c)(1)(A)(i), as amended by § 603 of the First Step Act, procedurally allows defendants to file motions for compassionate release. *See Bryant*, 996 F.3d at 1264.

Moving to the merits, after applying 1B1.13 and considering the Defendant's specific circumstances, the Court denies the Defendant's motion because "his circumstances do not match any of the four categories [of extraordinary and compelling reasons]," and, as a result, "he is

---

[2] The Government attached an email from an employee with the Defendant's correctional facility that outlines the procedures for requesting compassionate release (D.E. 386-1, at 1).

ineligible for a reduction." *Bryant,* 996 F.3d at 1254. The Defendant bears the burden in proving that he is entitled to relief under § 3582, *see Kannell,* 834 Fed. Appx. at 567, and, here, he has failed to show that extraordinary and compelling reasons exist, as defined by applicable policy statement, 1B1.13, that would warrant a reduction in his sentence, *see Bryant,* 996 F.3d at 1265 ("Because [defendant's] motion does not fall within any of the reasons that 1B1.13 identifies as 'extraordinary and compelling,' the district court correctly denied his motion for a reduction of his sentence."). The Defendant argues that he has a high probability of being exposed to COVID-19 but the extensive availability of vaccines clearly rebuts that dated argument. In addition, his home confinement status as a result of the Bureau of Prisons' decision renders him safer at home than if the sentence has to be reduced to time served.

## IV. CONCLUSION

Thus, for the foregoing reasons, the Court denies the Defendant's motion for compassionate release pursuant to § 3582.

DONE AND ORDERED in Chambers at Miami, Florida, this ___14th___ of June 2021.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record